UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 4:17 CV 402 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before me on the motion of Michael Johnson to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Johnson's motion will be denied.

**I.  BACKGROUND**

Johnson was indicted on May 1, 2013, along with nine co-defendants, for violations of 21 U.S.C. § 841(b)(1)(B), conspiracy to distribute heroin, and 21 U.S.C. § 846, possession with intent to distribute heroin. On January 7, 2015, Johnson entered into a guilty plea.

On April 28, 2015, Johnson was sentenced to 60 months of imprisonment and four years of supervised release. Johnson filed an appeal. On November 9, 2015, the Court of Appeals affirmed Johnson's sentence. Johnson filed his present motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on January 31,

2017.

In his motion, Johnson claims that he was denied effective assistance of counsel because his counsel did not object to the probation officer's inclusion of a 1993 conviction in the criminal history section of his presentence report.   (Pet. at 2). Johnson argues that his 1993 conviction falls outside the 15 year criminal history inclusion limit established by U.S.S.G. 4A1.1(a) and 4A1.2(a, b, k, and e).   Id. Johnson also claims that the length of his sentence violates the 1987 United States Sentencing Guideline Manual and that he never agreed to the amount of heroin stated in his guilty plea agreement.   (Pet. at 1-2).   Lastly, Johnson argues that he was prejudiced by the allegedly ineffective preparations of his counsel.   (Pet. at 3).

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

A claim of ineffective assistance of counsel must be scrutinized under the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984).   First, Johnson must show that "counsel's performance was deficient.   This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment."   Id. at 687.   In evaluating this showing, "[j]udicial scrutiny of counsel's performance must be highly deferential."   Id. at 689.   The court seeks to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the

time of the alleged error. Id.

Second, Johnson must show that the "deficient performance prejudiced the defense." Id. at 687. For this prong, he must demonstrate "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Unless the defendant makes "both showings, it cannot be said that the conviction…resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687. Further, there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. When a petitioner has pled guilty, as Johnson did here, he must show that there is a "reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### A. Johnson's Counsel Was Not Deficient

Johnson first claims that his counsel failed to render effective assistance because counsel did not object to the probation officer's inclusion of a 1993 conviction in the criminal history section of the presentence report. Johnson argues that his 1993 conviction falls outside the 15 year limit established in U.S.S.G. § 4A1.1(a) and 4A1.2 (a, b, k, and e) because he was released in November of 1997, 15 ½ years prior to his indictment for the current offense. He also claims that the

3

sentence for his 1993 conviction was amended due to constitutional violations, although he fails to state what these alleged violations were or how they affected his sentence.  In addition, Johnson asserts that the inclusion of his 1993 conviction increased his sentence to 60 months by rendering him ineligible for the benefits of the safety valve provisions under § 2D1.1(b)(17) that would have resulted in a recommended sentence of 40 months.  He requests that the Court take judicial notice that his 1993 conviction was outside the 15 year requirement.

Counsel's failure to contest the 1993 conviction's inclusion in the presentence report does not constitute ineffective assistance of counsel because this ground for relief is without merit.  Counsel's failure to raise a meritless issue "does not constitute ineffective assistance."  Dodge v. Robinson, 625 F.3d 1014, 1019 (8th Cir. 2010).  Under the United States Sentencing Guidelines, a sentence imposed more than "fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period."  U.S.S.G. § 4A1.1(a) cmt. n.1 (2014).  Johnson has repeatedly acknowledged that his conspiracy to distribute heroin commenced in January, 2012. (Sentencing Tr., p. 12).  Johnson's previous incarceration until November 1997 was within the 15 year period prior to Johnson's January 2012 commencement of the instant offense.  At the sentencing hearing it was also established that, despite

4

Johnson's allegations regarding its constitutionality, the 1993 conviction counted for the purposes of his criminal history. (Sentencing Tr. at p. 31-32). Therefore, further objection from Johnson's counsel on these points would have been meritless and frivolous. Johnson was not deprived of effective assistance of counsel. As Johnson has failed to meet the first prong of the Strickland two-prong test, it is unnecessary to consider the second. "Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (a court does not need to address both Strickland components if the movant fails to establish one of the prongs).

### B. Counsels Miller and Cronin Were Not Ineffective

Johnson's claim that he was prejudiced by the allegedly ineffective preparations of his counsels is no more than a conclusory statement. Johnson provides no evidence or explanations to support these vague claims. (Pet. at 3). Without any factual basis, the claims are unsupported. Johnson has failed to show that counsels' performances were deficient. Strickland, 466 U.S. at 687.

### III. ADDITIONAL CLAIMS

In his § 2255 motion, Johnson also argues that his sentence length violates the 1987 United States Sentencing Guideline Manual and that he never agreed to the amount of heroin stated in his guilty plea. Both of these claims are without merit.

### A. The 1987 Sentencing Guideline Manual Does Not Apply

Johnson's vague allegation that his sentence length violates the 1987 United States Sentencing Guideline Manual is without merit. It was made clear to Johnson that, per the language in his guilty plea agreement, the 2014 United States Sentencing Guideline Manual would be applied in calculating his sentence. (Guilty Plea Agreement, p. 6). His sentence was determined using the 2014 guidelines, and any claim based upon the 1987 guidelines is irrelevant.

### B. Johnson Agreed to the Stated Heroin Amount

Johnson's additional claim that he never agreed to be held accountable for 700 grams to 1 kilogram of heroin is inaccurate. In the guilty plea agreement, Johnson admitted under oath that he was responsible for 700 grams to 1 kilogram of the drug. (Guilty Plea Agreement, p. 3). Further, at the change of plea hearing, I twice asked Johnson if he understood the amount of heroin for which he was claiming responsibility. (Change of Plea Hearing Tr., p. 12). Johnson responded twice in the affirmative. Id.

In addition to Johnson's repeated verbal confirmations that he was pleading to 700 grams to 1 kilogram of heroin, his counsel argued to reduce the amount to 100 grams but less that 400 grams. (Objections to the Presentence Investigation Report, p. 1-11). The issue was considered at length, and it was ultimately decided that the

amount pled would remain 700 grams to 1 kilogram.  Because this amount had been agreed to and confirmed multiple times, Johnson's current claim that he should not be held accountable for 700 grams to 1 kilogram of heroin is without merit.

## IV.  REQUEST FOR EVIDENTIARY HEARING

A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless the motion and the rules and records of the case conclusively show that he is entitled to no relief.  Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008)  (citing United States v. Ledezma-Rodriguez, F.3d 830, 835-36 (8th Cir. 2005)).  Because the record clearly shows that Johnson is not entitled to relief, an evidentiary hearing will not be held.

## V.  CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a §2255 proceeding unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  To grant such a certificate, the judge must find a substantial showing of the denial of a federal constitutional right.  Id. at §2253(c)(2);  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997)  ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve those issues differently, or the issues deserve further proceedings.").  Because Johnson has not made such a showing, I will not issue a

7

certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** Michael Johnson's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability because Johnson has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2017.